## SHOUSE *v.* RAFINER.

[No. 7,090. Filed October 4, 1910.]

1. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence. p. 331.
2. PLEADING.— *Issues.*— *Variance.*— *Negligence.*— *Driving Against Vehicle.*—A complaint alleging that defendant negligently drove his buggy against the rear wheel of plaintiff's buggy, breaking it and injuring the plaintiff, is sustained by evidence that defendant drove alongside plaintiff's buggy, in an attempt to pass, and collided with plaintiff's buggy. p. 332.

From Knox Circuit Court; *Orlando H. Cobb,* Judge.

Action by Clara A. Rafiner against James H. Shouse. From a judgment on a verdict for plaintiff for $1,000, defendant appeals. *Affirmed.*

*James S. Pritchett, W. A. Cullop* and *George W. Shaw,* for appellant.

*Clarence B. Kessinger,* for appellee.

COMSTOCK, C. J.—Appellee recovered a judgment in the court below against appellant for personal injuries claimed to have been sustained by her by reason of appellant's negligence.

The complaint alleges that plaintiff was riding in a buggy upon a public highway, driving a gentle horse, and that, wholly unknown to her, defendant drove his horse and vehicle against the rear of her vehicle, breaking down one of the rear wheels, throwing her out of her buggy and causing the injuries complained of.

A trial by the court, without the intervention of a jury, resulted in a finding and judgment for plaintiff in the sum of $1,000.

The only error discussed challenges the sufficiency of the evidence to show that the accident occurred as alleged in the complaint, namely by the defendant's driving his buggy against the rear of plaintiff's buggy. To quote from appellant's brief: "On the contrary, it shows,

without substantial contradiction, that appellee's buggy was struck by appellant's buggy when both were going side by side, the appellee's buggy a little in the lead. Under this state of facts there could be no recovery, because of the rule that the allegations of a complaint must be proved as alleged.''

· Counsel for appellant recognize the rule that this court will not weigh the evidence, but rely upon the proposition that its sufficiency to sustain the findings will be determined upon appeal.

An examination of the record discloses evidence to sustain the specific manner in which the injuries are alleged to have been occasioned. The evidence shows that it was the purpose of appellant to pass appellee's buggy. It is shown, too, that in making the attempt he ran against the rear wheel and axle of appellee's vehicle. There was ample evidence from which the court could infer that the act was carelessly done. Even if the facts are as contended by appellant, the general allegations would sufficiently describe the manner of the accident.

Judgment affirmed.